**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **STATE FARM FIRE AND CASUALTY COMPANY**<br>**ONE STATE FARM PLAZA**<br>**BLOOMINGTON, IL 61710-0001**<br>**Plaintiff,**<br><br>**v.**<br><br>**SUNNYMAC LLC**<br>**505 CARR ROAD**<br>**WILMINGTON, DE 19809**<br>**Defendant.** | **CIVIL ACTION NO.:** |

**COMPLAINT**

Plaintiff, State Farm Fire and Casualty Company ("Plaintiff"), by and through undersigned counsel, hereby demands judgment against Defendant, SunnyMac LLC ("Defendant"), complaining against it as follows:

**PARTIES**

1. Plaintiff is an Illinois corporation with its principal place of business at the above-captioned address.

2. At all relevant times, Plaintiff was authorized to provide in Pennsylvania the insurance described herein.

3. At all relevant times, Plaintiff provided – via an in-force policy – homeowner insurance to Victor Gonzalez ("subrogor") in connection with his residential property at 934 Walters Street in Bethlehem, Pennsylvania ("subject property").

4. As a result of claims made on said policy in connection with the below-described incident, Plaintiff became subrogated to certain recovery rights and interests of subrogor, i.e. for monies paid per the policy, including the claims asserted via this action.

5. Upon information and belief, Defendant – a full-service, licensed dealer that designs, engineers, installs, and maintains photovoltaic solar systems – is a Delaware limited-liability company with its principle place of business at the above-captioned address.

6. Upon further information and belief, Defendant was at all relevant times engaged in the business of designing, engineering, supplying, installing, inspecting, servicing, maintaining, and/or repairing photovoltaic solar-energy systems for residential customers.

7. Upon further information and belief, Defendant performed such services and/or supplied such equipment in connection with the subject property, thereby creating what will hereinafter be referred to as “the system.”

**STATEMENT OF FACTS**

8. Upon information and belief, Defendant was at all relevant times the solar-panel-system professional retained to sell, select, design, assemble, install, inspect, maintain, and/or service equipment associated with a residential photovoltaic solar system at the subject property (“the system”).

9. Prior to November 17, 2025, Defendant negligently deviated from the applicable standard of care by failing to properly and adequately warn subrogor of the risks associated with unprotected wiring (i.e. that which lacked protection from rodents and other harms) and what the consequences might be if subrogor declined or omitted selecting and paying extra for such “rodent protection.”

10. As a direct and proximate result of Defendant’s negligent and standard-non-compliant acts and/or omissions, rodent activity damaged electrical wiring associated with the system, resulting in the ignition of a fire at the subject property.

11. The fire caused subrogor to suffer property damages, as well as to incur additional expenses and hardships besides (including the loss of use of the property.)

**COUNT I – NEGLIGENCE**

12. Plaintiff incorporates the facts and allegations stated in the foregoing paragraphs as though fully restated here.

13. The aforementioned damages were the direct and proximate result of the negligence of Defendant – including negligent acts and/or omissions as performed by and through its agents, employees, subcontractors, and/or servants – more specifically described as follows:

(a) failing to exercise reasonable care in the performance of its undertaken duties in selling, selecting, designing, assembling, installing, inspecting, maintaining, and/or servicing the system, including but not limited to negligently …

i. failing to sell, select, design, assemble, install, inspect, maintain, and/or service the system, including crucial safety equipment such as rodent protection, in a safe and appropriate manner;

ii. failing to ensure that proper techniques were used and necessary protection equipment was used and safety procedures when it sold, selected, designed, assembled, installed, inspected, maintained, and/or serviced the system;

iii. failing to properly monitor the work of all agents, servants, subcontractors, and/or employees in the course of selling, selecting, designing, assembling, installing, inspecting, maintaining, and/or servicing of the system so as to ensure compliance with applicable and necessary safety standards.

(b) failing to adequately instruct, supervise, and/or train servants, employees, subcontractors, and/or agents as to the proper ways to perform the tasks described in subparagraph (a);

(c) failing to adequately warn subrogor and others of the dangers resulting from the failure to exercise reasonable care as described in subparagraph (a);

(d) failing to provide, establish and/or follow proper and adequate controls so as to ensure standard-compliant performance of the tasks described in subparagraph (a);

(e) failing to perform the tasks described in subparagraph (a) in conformity with prevailing industry and governmental specifications and standards;

(f) failing to retain competent, qualified and/or able agents, subcontractors, employees, or servants to perform the tasks described in subparagraph (a); and/or

(g) violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to Defendant's undertakings at the subject property.

14. As a direct and proximate result of such negligent and/or standard-non-compliant acts and/or omissions, the fire occurred; subrogor thus sustained and incurred damage to the subject property, as well as the imposition of additional expenses and hardships besides, in an amount in excess of $200,000.00.

15. To the extent such damages were covered pursuant to the terms and conditions of subrogor's above-described policy, Plaintiff paid such claims consistent therewith; Plaintiff thereby became subrogated to recover on such damages in this action.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Defendant in an amount in excess of $200,000.00, plus interest, costs of suit, delay damages, and such other relief as this Honorable Court might deem appropriate under the circumstances.

**COUNT II – STRICT LIABILITY**

16. Plaintiff incorporates the facts and allegations stated in the foregoing paragraphs as though fully restated here.

17. At all relevant times, Defendant was engaged in the business of selling, selecting, designing, assembling, installing, inspecting, maintaining, and/or servicing residential photovoltaic solar systems and other components such as the system.

18. Defendant knew or should have known that the system would, and did, reach subrogor without substantial change in the condition in which Defendant supplied it.

19. Defendant sold the system's solar panels and related components to subrogor in a defective condition unreasonably dangerous to him by failing to provide and/or adequately warn of the necessity of rodent protection or other reasonably available safeguards that it knew to be crucial to the system's safe operation.

20. The aforementioned defects consisted of:

(a) use-instruction and or/warning defects;
(b) design defects;
(c) assembly defects;
(d) installation defects; and/or
(e) a failure to warn of the design, manufacturing, installation, and/or component defects, and/or properly provide warning and/or safe-use instructions.

21. As a direct and proximate cause of such defects, subrogor sustained and incurred damage to his property, as well as the imposition of additional expenses and hardships in an amount excess of $200,000.00.

22. For these reasons, Defendant is strictly liable to subrogor – and ultimately Plaintiff – for the damages described herein pursuant to Section 402A of the Restatement (2d) of Torts and other applicable Pennsylvania case law and statutes.

23. To the extent such damages were covered pursuant to the terms and conditions of subrogor's above-described policy, Plaintiff paid such claims consistent therewith; Plaintiff thereby became subrogated to recover on such damages in this action.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Defendant in an amount in excess of $200,000.00, plus interest, costs of suit, delay damages, and such other relief as this Honorable Court might deem appropriate under the circumstances.

**COUNT III – BREACH OF IMPLIED WARRANTIES**

24. Plaintiff incorporates the facts and allegations stated in the foregoing paragraphs as though fully restated here.

25. At the time of the sale (*etc*., as above) of the system, Defendant knew or had reason to know the particular purpose to which the system would be used (i.e. residential application) and was being relied upon to furnish a suitable product; thus, in light of the negligence / standard-non-compliance described above, Defendant breached the implied warranty of particular purpose as set out in the Uniform Commercial Code ("UCC") at 13 Pa. C.S.A. § 2-315 in that the system was not fit for that particular purpose because it was inadequately protected against foreseeable rodent activity resulting in electrical damage and fire.

26. In addition, Defendant breached its implied warranty of merchantability as set out in 13 Pa. C.S.A. § 2-314(c) in that the system was not fit for ordinary use because it was inadequately protected against foreseeable rodent activity resulting in electrical damage and fire.

27. In addition, Defendant breached any and all express warranties made or relating to the system that became part of the basis of the bargain for sale of the system in derogation of 13 Pa. C.S.A. § 2-313.

28. Upon information and belief, the system sold (*etc*., as above) by Defendant did not conform to applicable warranties because the system (including its components) failed to perform in accordance with the applicable representations and promises subrogor relied upon.

29. Subrogor's damages as described above occurred as a direct and proximate result of the breaches by Defendant of its implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A. § 2-315 and 13 Pa. C.S.A. § 2-314(c) and as a result of the breach of its expressed warrantees in derogation of 13 Pa. C.S.A. § 2-313.

30. Subrogor performed all conditions precedent to recover based upon such warranty breaches.

31. As a direct and proximate result of these warranty breaches, subrogor suffered the herein-described damages to his property, as well as the imposition of additional hardship and expenses (including loss of use), in an amount in excess of $200,000.00.

32. To the extent such damages were covered pursuant to the terms and conditions of subrogor's above-described policy, Plaintiff paid such claims consistent therewith; Plaintiff thereby became subrogated to recover on such damages in this action.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Defendant in an amount in excess of $200,000.00, plus interest, costs of suit, delay damages, and such other relief as this Honorable Court might deem appropriate under the circumstances.

**de LUCA LEVINE LLC**

BY: __*/s/ Daniel J. de Luca*____________
DANIEL J. de LUCA,
Attorneys for Plaintiff
PA ATTY I.D. NO.: 74727
301 E. Germantown Pike, 3rd Floor
East Norriton, PA 19401
Ph: 215-383-0081
Fx: 215-383-0082
ddeluca@delucalevine.com

**Dated:** 04 SEP 26